33 F.Supp.2d 1123 (1998)
Charles E. EMMENEGGER, et al., Plaintiffs,
v.
BULL MOOSE TUBE COMPANY, et al., Defendants.
No. 4:96CV1095 CDP.
United States District Court, E.D. Missouri, Eastern Division.
November 12, 1998.
David W. Harlan, Partner, Melanie R. King, Gallop and Johnson, St. Louis, MO, for Charles E. Emmenegger, Robert F. Ritzie, James E. Riley.
James R. Dankenbring, Partner, Francis E. Pennington, III, Partner, Thomas W. Jerry, Francis X. Neuner, Jr., Dankenbring and Greiman, Clayton, MO, for Bull Moose Tube Company, Caparo, Inc., Bull Moose Tube, Ltd., Swraj Paul.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on the parties' motions to correct errors in the judgment pursuant to Rule 60(a), Fed.R.Civ.P. The Court will grant the motions to the extent set forth below, and will enter an amended judgment to account therefor.

I. Background

In accordance with a memorandum opinion that it entered on July 20, 1998, and on that same date, the Court entered judgment in favor of plaintiffs Charles Emmenegger, Robert Ritzie, and James Riley on their claims of retaliatory discharge (count I of their second amended complaint), their claims for benefits under a phantom stock plan (counts II, V, and VIII), and Emmenegger and Ritzie's claims for severance pay (counts IV and VII). See Emmenegger v. *1124 Bull Moose Tube Co., 13 F.Supp.2d 980 (E.D.Mo.1998). The Court awarded Emmenegger a total of $5,094,281.00, Ritzie a total of $1,853,145.00, and Riley a total of $1,834,122.00. The Court also ordered that plaintiffs recover post-judgment interest at the legal rate of 5.375%, as well as their attorney's fees and their taxable costs. In the judgment, the Court held all defendants (i.e., Bull Moose Tube Company, Caparo, Inc., Bull Moose Tube, Ltd., and the Lord Paul of Marylebone (a/k/a Swraj Paul)) jointly and severally liable on all of the aforementioned claims. Defendants filed a notice of appeal to the Eighth Circuit Court of Appeals on August 19, 1998. On October 16, 1998, the Eighth Circuit held that appeal in abeyance for thirty days pending the filing of Rule 60(a) motions by the parties in this Court.

II. Discussion

Rule 60(a) provides as follows:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
In their Rule 60(a) motion, defendants contend that the Court's judgment contains the following errors: (1) an error as to plaintiffs' claims for plan benefits in that it holds all the defendants jointly and severally liable, when those claims were brought against only Bull Moose Tube Company, Caparo, Inc., and Bull Moose Tube, Ltd., (2) a similar error involving Emmenegger and Ritzie's claims for severance pay in that it holds all the defendants jointly and severally liable, when those claims were brought against only Bull Moose Tube Company, and (3) errors in the computation of pre-judgment interest to be awarded to the three plaintiffs under their claims for plan benefits in that the Court failed to use the correct interest rate.
Plaintiffs, in their Rule 60(a) motion, agree with defendants that the Court erred in holding Swraj Paul liable on plaintiffs' claims for plan benefits, and in holding Paul, Caparo, Inc., and Bull Moose Tube, Ltd., liable on Emmenegger and Ritzie's claim for severance pay. With respect to the interest rate issue, plaintiffs argue that the Court used the proper interest rate. At the same time, however, plaintiffs claim that the Court erred in computing the interest to be awarded to Emmenegger and Riley on their claims for plan benefits. In addition, plaintiffs seek to correct clerical errors on pages 33, 34, and 35 of the July 20, 1998, memorandum opinion. Plaintiffs point out that on those pages, the Court misidentified an entity known as "Clarkson Oaks" as "Charter Oaks."[1]
After reviewing the parties' submissions and the record, the Court finds that it clearly erred in identifying the liable defendant(s) with respect to counts II, IV, V, VII, and VIII. On plaintiffs' claims for plan benefits (i.e., counts II, V, and VIII), the liable parties are Bull Moose Tube Company, Caparo, Inc., and Bull Moose Tube Ltd. On Emmenegger and Ritzie's claims for severance pay, the liable party is Bull Moose Tube Company only. The Court will correct the judgment accordingly.
The Court also agrees with defendants that it erred in not using a rate of 5.375% in computing the pre-judgment interest to which plaintiffs are entitled. In Mansker v. TMG Life Ins. Co., 54 F.3d 1322 (8th Cir. 1995), the court of appeals held that a court should use 28 U.S.C. § 1961 in determining both pre-judgment and post-judgment interest. See id. at 1331 (citing Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1219 (8th Cir.), cert. denied, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981)). Section 1961(a) provides that interest shall be calculated "at a rate equal to the coupon issue yield equivalent ... of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment." 28 U.S.C. § 1961(a) (emphasis added). The date of the judgment in this case was July 20, 1998, and the then-prevailing *1125 fifty-two week Treasury bill rate was 5.375%. The Court erred by using the rates applicable when the various amounts became due, rather than the rate applicable immediately before the judgment.
Using the correct rate of interest, the Court's calculations on the plan benefits due plaintiffs are as follows:

Plaintiff Charles Emmenegger's Claim for Plan Benefits
Original shares: 204
Redemption value per original share: $17,232.91
204 shares times $17,232.91 = $3,515,513.64
$3,515,513.64 times 19.2053% "gross-up"[2] = $675,164.94
Redemption value of 204 shares (including
 gross-up) = $4,190,678.58
Redemption request for the original
 shares: March 12, 1996
Payment deadline for the original
 shares: May 11, 1996[3]
Prejudgment interest at 5.375% from
May 12, 1996 to July 19, 1998 (compounded
 annually) $509,126.28
TOTAL REDEMPTION VALUE OF
 EMMENEGGER'S ORIGINAL
 SHARES INCLUDING PREJUDGMENT
 INTEREST = $4,699,804.86
Lichtfuss shares: 6
Redemption value per Lichtfuss share: $16,499.72
6 shares times $16,499.72 = $98,998.32
$98,998.32 times 19.2053% "gross-up"
 = $19,012.92
Redemption value of 6 shares (including
 gross-up) = $118,011.24
Redemption request for the 6 shares: June 6, 1996
Payment deadline for the 6 shares: August 5, 1996
Prejudgment interest at 5.375% from
 August 6, 1996 to July 19, 1998 $12,699.63
TOTAL REDEMPTION VALUE OF
 EMMENEGGER'S LICHTFUSS
 SHARES INCLUDING PRE-JUDGMENT
 INTEREST = $130,710.87
TOTAL REDEMPTION VALUE OF
 ALL OF EMMENEGGER'S
 SHARES (ORIGINAL AND
 LICHTFUSS) INCLUDING PRE-JUDGMENT
 INTEREST = $4,830,515.73
Plaintiff Robert Ritzie's Claim for Plan Benefits
Original shares: 66
Redemption value per original share: $17,232.91
66 shares times $17,232.91 = $1,137,372.06
$1,137,372.06 times 19.2053% "gross-up" = $218,435.72
Redemption value of 66 shares (including
 gross-up) = $1,355,807.78
Redemption request for the original
 shares: May 1, 1996
Payment deadline for the original
 shares: June 30, 1996
Prejudgment interest at 5.375% from
 July 1, 1996 to July 19, 1998 $153,631.39
TOTAL REDEMPTION VALUE OF
 RITZIE'S ORIGINAL SHARES INCLUDING
 PRE-JUDGMENT INTEREST = $1,509,439.17
Lichtfuss shares: 9
Redemption value per Lichtfuss share: $16,499.72
9 shares times $16,499.72 = $148,497.48
$148,497.48 times 19.2053% "gross-up" = $28,519.39
Redemption value of 9 shares (including
 gross-up) = $177,016.87
Redemption request for the 9 shares: May 1, 1996
Payment deadline for the 9 shares: June 30, 1996
Prejudgment interest at 5.375% from
 July 1, 1996 to July 19, 1998 $10,005.94
TOTAL REDEMPTION VALUE OF
 RITZIE'S LICHTFUSS SHARES
 INCLUDING PRE-JUDGMENT
 INTEREST = $187,022.81
TOTAL REDEMPTION VALUE OF
 ALL OF RITZIE'S SHARES
 (ORIGINAL AND LICHTFUSS)
 INCLUDING PRE-JUDGMENT
 INTEREST = $1,696,461.98
Plaintiff James Riley's Claim for Plait Benefits
Original shares: 66
Redemption value per original share: $17,232.91
66 shares times $17,232.91 = $1,137,372.06
$1,137,372.06 times 19.2053% "gross-up" = $218,435.72
Redemption value of 66 shares (including
 gross-up) = $1,355,807.78
Redemption request for the original
 shares: January 1, 1996
Payment deadline for the original
 shares: March 1, 1996
Prejudgment interest at 5.375% from
 March 2, 1996 to July 19, 1998 $180,496.58
TOTAL REDEMPTION VALUE OF
 RILEY'S ORIGINAL SHARES INCLUDING
 PRE-JUDGMENT INTEREST = $1,536,304.36
Lichtfuss shares: 9
Redemption value per Lichtfuss share: $16,499.72
9 shares times $16,499.72 = $148,497.48
$148,497.48 times 19.2053% "gross-up" = $28,519.39
Redemption value of 9 shares (including
 gross-up) = $177,016.87
Redemption request for the 9 shares: January 1, 1996

*1126
Payment deadline for the 9 shares: March 1, 1996
Prejudgment interest at 5.375% from
 March 2, 1996 to July 19, 1998 $23,565.98
TOTAL REDEMPTION VALUE OF
 RILEY'S LICHTFUSS SHARES
 INCLUDING PRE-JUDGMENT
 INTEREST = $200,582.85
TOTAL REDEMPTION VALUE OF
 ALL OF RILEY'S SHARES
 (ORIGINAL AND LICHTFUSS)
 INCLUDING PRE-JUDGMENT
 INTEREST = $1,736,887.21

Also using the 5.375% interest rate, the Court will re-calculate the pre-judgment interest due to Emmenegger and Ritzie on their severance pay claims. The Court's calculations are as follows:

Plaintiff Charles Emmenegger's Claim for Severance Pay
Date of termination: March 12, 1996
Severance pay (sixteen weeks): $76,923
Prejudgment interest from March 13,
 1996 to July 19, 1998 $10,102.86
TOTAL SEVERANCE PAY DUE
 EMMENEGGER INCLUDING
 PRE-JUDGMENT INTEREST = $87,025.91
Plaintiff Robert Ritzie's Claim for Severance Pay
Date of termination: April 30, 1996
Severance pay (twelve weeks): $34,615
Prejudgment interest from May 1, 1996
 to July 19, 1998 $4,267.36
TOTAL SEVERANCE PAY DUE
 RITZIE INCLUDING PRE-JUDGMENT
 INTEREST = $38,882.36

Accordingly,
IT IS HEREBY ORDERED that the Rule 60(a) motions [# 176, # 177] filed by plaintiffs and defendants, respectively, are granted to the extent set forth above.
IT IS FURTHER ORDERED that the memorandum opinion entered in this action on July 20, 1998, is amended as follows: (1) the word "Charter" that appears once on page 33, five times on page 34, and once on page 35 is changed to "Clarkson"; and (2) the counts identified in the first sentence on page 39 are changed from "counts II, IV, and VII" to "counts II, V, and VIII."
A separate amended judgment in accordance with this memorandum and order is entered this same date.

AMENDED JUDGMENT
In accordance with both the memorandum and order entered this same date and the memorandum opinion entered on July 20, 1998, the Court amends nunc pro tunc the judgment that it entered on July 20, 1998, as follows:
IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff Charles E. Emmenegger shall have judgment in the amount of $175,000 against defendants Bull Moose Tube Company, Caparo, Inc., Bull Moose Tube, Ltd., and Swraj Paul, jointly and severally, on count I of the second amended complaint.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Robert F. Ritzie shall have judgment in the amount of $90,000 against defendants Bull Moose Tube Company, Caparo, Inc., Bull Moose Tube, Ltd., and Swraj Paul, jointly and severally, on count I of the second amended complaint.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Robert F. Ritzie shall have judgment in the amount of $110,000 against defendants Bull Moose Tube Company, Caparo, Inc., Bull Moose Tube, Ltd., and Swraj Paul, jointly and severally, on count I of the second amended complaint.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Charles E. Emmenegger shall have judgment in the amount of $4,830,515.73 against defendants Bull Moose Tube Company, Caparo, Inc., and Bull Moose Tube, Ltd., jointly and severally, on count II of the second amended complaint.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Robert F. Ritzie shall have judgment in the amount of $1,696,461.98 against defendants Bull Moose Tube Company, Caparo, Inc., and Bull Moose Tube, Ltd., jointly and severally, on count V of the second amended complaint.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff James E. Riley shall have judgment in the amount of $1,736,887.21 against defendants Bull Moose Tube Company, Caparo, Inc., and Bull Moose Tube, Ltd., jointly and severally, on count VIII of the second amended complaint.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff *1127 Charles E. Emmenegger shall have judgment in the amount of $87,025.91 against defendant Bull Moose Tube Company on count IV of the second amended complaint.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Robert F. Ritzie shall have judgment in the amount of $38,882.36 against defendant Bull Moose Tube Company on count VII of the second amended complaint.
IT IS FURTHER ORDERED that all plaintiffs shall recover post-judgment interest at the legal rate of 5.375% from July 20, 1998, forward, and shall recover attorney's fees and their taxable costs of this action.
NOTES
[1] The Court will grant this request, which defendants do not oppose.
[2] Under the phantom stock plan, participants entitled to the redemption value (rather than book value) of their phantom shares were also entitled to a "gross up amount per share." According to the plan, that amount is determined by multiplying the redemption price per share by a percentage determined as follows: (PARTICIPANT'S FEDERAL INCOME TAX RATE  FEDERAL CAPITAL GAINS TAX RATE) / (100  PARTICIPANT'S FEDERAL INCOME TAX RATE). For 1996, Emmenegger, Ritzie, and Riley were each subject to a federal income tax rate of 39.6%; the federal capital gains tax rate was 28%. Thus, the applicable percentage for each is 19.2053 ((39.6  28)/(100  39.6)). See Emmenegger, 13 F.Supp.2d at 995.
[3] The plan defines the term "Payment Date" to mean "sixty (60) days after any event requiring payment." Id. at 992.